15-1164-cv
*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2015

Argued: February 2, 2016

Question Certified:  April 13, 2016

Certified Question Answered: December 20, 2016

Decided:  February 16, 2017

Docket No. 15-1164-cv

---

FLO & EDDIE, INC., a California Corporation,
individually and on behalf of all others similarly situated,

*Plaintiff-Appellee*,

− v. −

SIRIUS XM RADIO, INC., a Delaware Corporation,

*Defendant-Appellant*,

DOES, 1 THROUGH 10,

*Defendants*.

---

Before: CALABRESI, CHIN, and CARNEY, *Circuit Judges*.

Defendant-Appellant Sirius XM Radio, Inc., appeals from the November 14, 2014 and December 12, 2014 orders of the United States District Court for the Southern District of New York (McMahon, *J.*) denying its motions, respectively, for summary judgment and for reconsideration in connection with Plaintiff-Appellee Flo & Eddie, Inc.'s copyright infringement suit. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5784 (CM), 2014 WL 7178134 (S.D.N.Y. Dec. 12, 2014) (denial of motion for reconsideration); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 62 F. Supp. 3d 325 (S.D.N.Y. 2014) (denial of motion for summary judgment).  We previously concluded that the appeal raised a significant and unresolved issue of New York law that is determinative of this appeal:  Is there a right of public

performance for creators of pre-1972 sound recordings under New York law and, if so, what is the nature and scope of that right?

We certified this question to the New York Court of Appeals. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 821 F.3d 265 (2d Cir. 2016). The Court of Appeals accepted certification and responded that New York common law does not recognize a right of public performance for creators of pre-1972 sound recordings. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2016 WL 7349183 (N.Y. Dec. 20, 2016).

In light of this ruling, we REVERSE the district court's denial of Appellant's motion for summary judgment and REMAND with instructions to grant Appellant's motion for summary judgment and to dismiss the case with prejudice.

---

HARVEY GELLER (Henry Gradstein, Maryann R. Marzano, *on the brief*), GRADSTEIN & MARZANO, P.C., Los Angeles, CA; (Evan S. Cohen, *on the brief*), Los Angeles, CA; Michael Gervais, Arun S. Subramanian, SUSMAN GODFREY LLP, New York, NY; Robert Rimberg, GOLDBERG RIMBERG & WEG PLLC, *for Plaintiff-Appellee*

DANIEL M. PETROCELLI (Cassandra L. Seto, *on the brief*), O'MELVENY & MYERS LLP, Los Angeles, CA; (Johnathan D. Hacker, *on the brief*), O'MELVENY & MYERS LLP, Washington, DC; *for Defendant-Appellant*

BRANDON BUTLER, AMERICAN UNIVERSITY WASHINGTON COLLEGE OF LAW, Washington, DC, *for Amici Curiae* Law Professors Gary Pulsinelli, Julie Ross, and Peter Jaszi, in support of *Defendant-Appellant*

EUGENE VOLOKH, UCLA SCHOOL OF LAW, Los Angeles, CA, *for Amici Curiae* Howard Abrams, Brandon Butler, Michael Carrier, Michael Carroll, Ralph Clifford, Brian Frye, William Gallagher, Eric Goldman, James Grimmelmann, Yvette Liebesman, Brian Love, Tyler Ochoa, David Olson, David Post, Michael Risch, Matthew Sag, Rebecca Tushnet, and David Welkowitz, in support of *Defendant-Appellant*

MITCHELL STOLTZ, VERA RANIERI, Electronic Frontier Foundation, San Francisco, CA, *for Amicus*

*Curiae* Electronic Frontier Foundation, in support of *Defendant-Appellant*

R. BRUCE RICH, BENJAMIN E. MARKS, GREGORY SILBERT, TODD LARSON, KAMI LIZARRAGA, WEIL, GOTSHAL & MANGES LLP, New York, NY, *for Amicus Curiae* Pandora Media, Inc., in support of *Defendant-Appellant*

SHERWIN SIY, JOHN BERGMAYER, RAZA PANJWANI, Public Knowledge, Washington, DC, *for Amicus Curiae* Public Knowledge, in support of *Defendant-Appellant*

STEPHEN B. KINNAIRD, PAUL HASTINGS LLP, Washington, DC; RICK KAPLAN, National Association of Broadcasters, Washington, DC; *for Amicus Curiae* National Association of Broadcasters, in support of *Defendant-Appellant*

ADAM R. BIALEK, STEPHEN J. BARRETT, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, New York, NY; DAVID L. DONOVAN, New York State Broadcasters Association, Inc., Albany, NY; *for Amicus Curiae* New York State Broadcasters Association, Inc., in support of *Defendant-Appellant*

PER CURIAM:

On September 3, 2013, Flo & Eddie, Inc. ("Appellee"), a California corporation that asserts it owns the recordings of "The Turtles," a well-known rock band with a string of hits in the 1960s, sued Sirius XM Radio, Inc. ("Appellant"), a Delaware corporation that is the largest radio and internet-radio broadcaster in the United States. The suit was brought on behalf of itself and a class of owners of pre-1972 recordings; it asserted claims for common-law copyright infringement and unfair competition under New York law. In particular, Appellee alleged that Appellant infringed Appellee's copyright in The Turtles' recordings by

broadcasting and making internal reproductions of the recordings (*e.g.*, library, buffer and cache copies) to facilitate its broadcasts.

In due course, Appellant moved for summary judgment on two grounds. Appellant contended first that there is no public-performance right in pre-1972 recordings under New York copyright law, and hence that its internal reproductions of these recordings were permissible fair use. Second, Appellant argued that a state law public performance right, if recognized, would be barred by the Dormant Commerce Clause. On November 14, 2014, the District Court (McMahon, *J.*) denied this motion. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 62 F. Supp. 3d 325, 330 (S.D.N.Y. 2014).

On the first issue, the court concluded that New York does afford a common-law right of public performance to copyright holders, and that Appellant's internal reproductions were correspondingly not fair use. *Id*. at 344-46. On the second issue, the court found that the recognition of a performance right did not implicate the Dormant Commerce Clause. It noted that, pursuant to *Sherlock v. Alling*, 93 U.S. (3 Otto) 99 (1876), such a right did not constitute a "regulation" of commerce. *Flo & Eddie, Inc.*, 62 F. Supp. 3d at 351–53.

Soon after, Appellant, with new counsel, filed a motion for reconsideration of the November 14, 2014 order. In the alternative, it asked the District Court to certify its summary judgment order for interlocutory appeal. The District Court denied Appellant's motion for reconsideration, *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5784, 2014 WL 7178134 (S.D.N.Y. Dec. 12, 2014), but did certify both the summary judgment and reconsideration orders for interlocutory appeal, *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5784, 2015 WL 585641 (S.D.N.Y. Feb. 10, 2015).

4

Appellant then petitioned us to permit the interlocutory appeal, which we did. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 15-cv-497, 2015 WL 3478159 (2d Cir. May 27, 2015). After extensive briefing and oral argument, we concluded that the appeal raised a significant and unresolved issue of New York law that is determinative of this appeal: Is there a right of public performance for creators of pre-1972 sound recordings under New York law and, if so, what is the nature and scope of that right?

Accordingly, we certified this question to the New York Court of Appeals. *Flo & Eddie, Inc.*, 821 F.3d 265. The Court of Appeals accepted certification, and on December 20, 2016, responded that New York common law does not recognize a right of public performance for creators of pre-1972 sound recordings. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2016 WL 7349183 (N.Y. Dec. 20, 2016).

Following the Court of Appeals' answer, we ordered the parties to submit letter briefs addressing the effect of the Court of Appeals' decision on the appeal before this court. In its letter brief, Appellee argued that the Court of Appeals "did not resolve [Appellant's] liability for unauthorized copying of [Appellee's] recordings and engaging in unfair competition by publicly performing those copies for profit, which the District Court had identified as separate and independent grounds for finding [Appellant] liable." Letter Brief for Appellee, *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 821 F.3d 265 (2d Cir. 2016) (No. 15-1164), ECF No. 215.

In our opinion certifying the question to the Court of Appeals, however, we noted and held that

> The fair-use analysis applicable to this copying . . . is bound up with whether the ultimate use of the internal copies is permissible. As a result, the certified question *is determinative* of Appellee's copying claims . . . . Similarly, Appellee's unfair-

5

> competition claim depends upon the resolution of the certified question.

*Flo & Eddie, Inc.*, 821 F.3d at 270 n.4 (emphasis added).

The answer to the certified question being determinative of the other claims, we REVERSE the district court's denial of Appellant's motion for summary judgment and REMAND to that court with instructions to grant Appellant's motion for summary judgment and to dismiss the case with prejudice.